693 So.2d 1265 (1997)
Thomas D. JONES
v.
SOUTHERN UNIVERSITY AND A & M COLLEGE SYSTEM Through its BOARD OF SUPERVISORS.
No. 96 CA 1430.
Court of Appeal of Louisiana, First Circuit.
May 9, 1997.
*1266 W. Steven Mannear, Baton Rouge, for Plaintiff/Appellant Thomas D. Jones.
Norman F. Pizza, New Orleans, and Jean G. Ray, Baton Rouge, for Defendant/Appellee Southern University and A & M College System through its Board of Supervisors.
Before GONZALES, KUHN and CHIASSON,[1] JJ.
GONZALES, Judge.
In this appeal, plaintiff/appellant, Thomas D. Jones (Jones), challenges a trial court judgment granting an exception of lack of subject matter jurisdiction in favor of defendant/appellee, Southern University and A & M College System (Southern University).[2]

FACTS AND PROCEDURAL HISTORY
In 1991, Jones began his employment as an associate professor of law at the Southern University Law Center. In October of 1994, during his fourth year of employment, Jones submitted an application for tenure to the chancellor of the Law Center, B.K. Agnihotri. The application was referred to the Law Center's committee on faculty appointment, retention, promotion, and tenure. In March of 1995, after a review of all applications submitted, the committee recommended to Chancellor Agnihotri that Jones' tenure application be denied. Chancellor Agnihotri concurred with the committee's recommendation and informed Dr. Dolores R. Spikes, the president of the Southern University System, of his decision by memorandum dated March 28, 1995. The chancellor also informed Jones of his decision by memorandum dated March 29, 1995.
By letter dated April 5, 1995, Dr. Spikes informed Jones that his tenure application was to be considered by the Southern University Board of Supervisors (Board) at its April 21-22, 1995 meeting, and that as secretary *1267 to the Board, she would inform him of the Board's action. Dr. Spikes also informed Jones that "[s]hould the Board uphold the Law Center's recommendation, then you have the right to appeal" and "[t]he appeals process begins in the Law Center." By letter to Dr. Spikes dated April 10, 1995, Jones requested information regarding the source of the rules or guidelines for an administrative appeal.
On April 17, 1995, Dr. Spikes informed Jones that Board action on his tenure application would be deferred until he had exhausted the appeal process relating to his application. Acknowledging that Jones had received conflicting information regarding the appropriate appeal process, by correspondence dated May 5, 1995, Dr. Spikes provided Jones a copy of a document entitled "Grievance Procedures," indicating that it contained the appropriate procedure and forms to use. Under the terms of the Grievance Procedures, an aggrieved employee "shall submit in writing to his immediate supervisor complete information pertaining to the grievance along with all support documents within one (1) week subsequent to the occurrence of the incident precipitating the grievance." Jones did not file a grievance in accordance with the requirements of the Grievance Procedures.
At its June 9, 1995 meeting, the Board approved Chancellor Agnihotri's recommendation that Jones' tenure application be denied. Dr. Spikes informed Jones of the Board's decision by letter dated June 14, 1995.
On July 7, 1995, Jones filed a "Petition for Judicial Review of Administrative Decision" in the Nineteenth Judicial District Court, seeking review of the Board's decision. Jones alleged that his rights under the Louisiana Administrative Procedure Act, La. R.S. 49:950 et seq., and his right to due process of law had been violated because he was not given notice of the Board's meeting nor an opportunity for a hearing prior to the Board's decision.
In response, Southern University filed a declinatory exception of lack of subject matter jurisdiction and a peremptory exception of no cause of action. A hearing on the exceptions was held on January 22, 1996, and the matter was taken under advisement. By judgment dated April 18, 1996, the trial court: (1) denied Southern University's exception of no cause of action, and (2) granted Southern University's exception of lack of subject matter jurisdiction, dismissing Jones' suit with prejudice.
From this adverse judgment, Jones appeals, claiming, in a single assignment of error, that the trial court erred in concluding that it lacked subject matter jurisdiction to adjudicate his claims.

LOUISIANA ADMINISTRATIVE PROCEDURE ACT
Jones claims that the tenure process at Southern University is defective. Specifically, he contends that (1) Southern University officials failed to comply with their own procedures in evaluating his tenure application,[3] (2) he was denied an opportunity to be heard by the Board prior to its action on his tenure application, and (3) Southern University has provided no means by which he can challenge the Board's adverse decision regarding his tenure application. Thus, Jones *1268 argues that he is entitled to review under the Louisiana Administrative Procedure Act (LAPA) because the purpose of the LAPA is to create procedures in those instances where none exist at the agency level.
We first note that Jones' failure to comply with the requirements of the Grievance Procedure document given to him by Dr. Spikes is ample reason to affirm the trial court judgment in this case. However, because it is undisputed that the information given to Jones regarding his appeal rights was "conflicting" at the least, we go on to address the issue of the availability of judicial review for the denial of tenure application under the LAPA.
Although the LAPA, La. R.S. 49:950 et seq., provides a method of judicial review for agency action, it applies only to certain actions taken by certain administrative agencies.[4] Section 963 of the LAPA provides for judicial review of the validity or applicability of agency rules, and Section 964 of the LAPA provides for judicial review of agency adjudications. Southern University's tenure process, resulting in the denial of Jones' tenure application, does not constitute a rule or an adjudication within the meaning of the LAPA; therefore, for the reasons that follow, Jones was not entitled to judicial review under the LAPA.

Southern University's tenure process does not constitute a "rule" within the meaning of the LAPA.
Section 951 of the LAPA defines a rule, in pertinent part, as follows:
"Rule" means each agency statement, guide, or requirement for conduct or action, exclusive of those regulating only the internal management of the agency..., which has general applicability and the effect of implementing or interpreting substantive law or policy, or which prescribes the procedure or practice requirements of the agency.... (Emphasis added.)
Southern University's tenure process does not constitute a rule as defined by the LAPA. The process and considerations which lead to the ultimate decision granting or denying a professor's tenure application are matters pertaining to the internal management of a university. Just as matters such as teaching assignments, salary increases, and use of faculty leave are uniquely internal in an academic setting, see Grace v. Board of Trustees for State Colleges and Universities, 442 So.2d 598, 601 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1223 (La. 1984), so too are the management decisions involved in determining whether a professor has displayed the qualities necessary to attain the rank of tenure. For example, in evaluating Jones for tenure, the Law Center's tenure committee was required to consider his professional training and experience, his teaching excellence, his professional activities, his research and publications, his law school service, and his student counseling and advisement. The recommendation formulated by the committee after evaluation of these factors, the chancellor's concurrence with the committee's recommendation, and the Board's ultimate decision to approve the lower-level recommendations represent the type of internal process not suitable for judicial review and which is specifically excluded from review under the LAPA's definition of rule.
For the above reasons, the process leading to the denial of tenure to Jones does not constitute a "rule."

Southern University's tenure process does not Constitute an "adjudication" within the meaning of the LAPA.
According to La. R.S. 49:964(A), a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under the LAPA. An "adjudication" *1269 is defined in La. R.S. 49:951(1) as an "agency process for the formulation of a decision or order." A "decision" or "order" is defined in La. R.S. 49:951(3) as:
[T]he whole or any part of the final disposition (whether affirmative, negative, injunctive, or declaratory in form) of any agency, in any matter other than rulemaking, required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing....
Thus, the LAPA provides for judicial review in an adjudication. An adjudication is a proceeding resulting in a decision or order. A decision or order is, for purposes of the LAPA, a disposition required by constitution or statute to be made only after notice and a hearing. Therefore, unless there is some constitutional or statutory provision requiring that (1) university officials follow their own procedures in evaluating tenure applications, (2) Jones be given a hearing prior to the Board's decision regarding his tenure application, or (3) a means of appeal from the Board's decision, then the failure to provide Jones with the procedure he seeks is not a decision or order as defined by the LAPA, and thus, is not subject to judicial review under the LAPA. Parochial Employees' Retirement System of Louisiana v. Caddo Parish Commission, Etc., 95-0243 (La.App. 1st Cir. 3/15/96), 676 So.2d 105, 107, writ denied, 96-0955 (La.5/31/96), 673 So.2d 1031. See also Matter of Carline Tank Services, Inc., 627 So.2d 669, 670 (La.App. 1st Cir.1993) (on rehearing).
We note that there is no statutory provision requiring Southern University to conform to the tenure process sought by Jones.[5] Thus, we focus on whether there is a constitutional provision which would entitle Jones to such.
Jones contends that Southern University's tenure process denies him a constitutional right to due process of law. It is undisputed that a tenured law professor possesses a property interest in his position which requires due process protection under both the state and federal constitutions. See Olivier v. Xavier University, 553 So.2d 1004 (La.App. 4th Cir.1989), writ denied, 556 So.2d 1279 (La.1990); Osborne v. Stone, 536 So.2d 473, 475 (La.App. 1st Cir.1988), writ denied, 537 So.2d 1164 (1989), cert. denied, 493 U.S. 813, 110 S.Ct. 60, 107 L.Ed.2d 28 (1989). However, a non-tenured professor does not enjoy the same due process protection because he has no property interest in his position. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 578, 92 S.Ct. 2701, 2710, 33 L.Ed.2d 548 (1972). There is no evidence in the record indicating that Jones had a legitimate claim of entitlement to a tenured position as a professor at Southern University Law School. In fact, the Southern University Law Center Faculty Guide, 1994-1995, specifically states that "faculty members initially employed at the rank of associate professor or equivalent shall serve a probationary period of four years." Thus, the terms of Jones' employment as an associate professor secured no interest in re-employment beyond the probationary four year period. Although Jones may have had an abstract concern in being rehired into a tenured position, he did not have a property interest sufficient to require Southern University to afford him a certain process by which to attain tenure.
In summary, because the tenure process challenged by Jones does not constitute a "rule" or an "adjudication" within the meaning of the LAPA, Jones was not entitled to judicial review under the LAPA. Therefore, we find no error in the trial court judgment granting Southern University's exception of lack of subject matter jurisdiction.

DECREE
For the foregoing reasons, the trial court judgment, granting Southern University's exception of lack of subject matter jurisdiction, and dismissing Jones' suit with prejudice is *1270 AFFIRMED. Costs of this appeal are assessed to Thomas D. Jones.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] In brief, Southern University claims that it also appealed from the trial court judgment, challenging the denial of its exception of no cause of action. However, the appellate record does not contain an appeal by Southern University; therefore, the merits of Southern University's purported appeal are not before this court.
[3] On appeal, Jones also claims that he had a contractual right to expect that the policies and regulations of the Board would be followed in all matters related to his employment because his employment contract provided that his appointment would be subject to "applicable policies and regulations of the Southern University Board of Supervisors." Jones refers to Plaintiff's Exhibit 23 as his employment contract. Even if we were to accept that this exhibit is the contract between Jones and Southern University, we need not address Jones' breach of contract argument because, as a non-tenured professor, Jones' employment was essentially "at will" and there is no evidence in the record indicating that his employment at will was modified by a contractual agreement that Southern University would adhere to its own policies and regulations. See Schalow v. Loyola University of New Orleans, 94-0797 (La.App. 4th Cir. 11/30/94), 646 So.2d 502 and Mix v. University of New Orleans, 609 So.2d 958 (La.App. 4th Cir.1992), writ denied, 612 So.2d 83 (La.1993). Further, an employee's "expectation" that a University will adhere to certain procedures does not give him any legal rights. Mix v. University of New Orleans, 609 So.2d at 964. Any ambiguity is construed in favor of employment at will. Schalow v. Loyola University of New Orleans, 646 So.2d at 505.
[4] In brief, Jones relies on Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971), as referred to in Buras v. Board of Trustees of Police Pension, 367 So.2d 849, 851 n. 4 (La.1979), for the proposition that "judicial review of an administrative proceeding is presumed to exist, as the availability of some level of review is necessary to validate administrative proceedings." However, as pointed out by this court in Boeing Company v. Louisiana Department of Economic Development, 94-0971 (La.App. 1st Cir. 6/23/95), 657 So.2d 652, 657, "[t]his interpretation [of the Bowen case] is far too broad. It is simply not correct to say that everything an agency does must be subject to the availability of judicial review for its validity."
[5] At its September 23, 1995 meeting, the Board adopted a revision to the Southern University tenure and promotion policies, which includes a provision specifically providing for a right of appeal from a denial of tenure. However, it is undisputed that this policy was not in effect when Jones applied for tenure in October of 1994 or when the Board acted on his application in June of 1995.