960 So.2d 997 (2007)
B.W.S., Jr., T.A.S., as Administrators of the Estate of M.T.S.
v.
LIVINGSTON PARISH SCHOOL BOARD, Randy Pope, Superintendent of Livingston Parish School Board, Cecil Picard, Louisiana Department of Education State Board of Elementary and Secondary Education.
No. 2007 CW 0137.
Court of Appeal of Louisiana, First Circuit.
April 4, 2007.
Donna U. Grodner, Baton Rouge, for Plaintiffs B.W.S., Jr., et al.
Carey T. Jones, Denham Springs, for Defendants Livingston Parish School Board, et al.
Uma M. Subramanian, Asst. A.G., Baton Rouge, for Defendants State Board of Elementary and Secondary Education.
*998 Before: KUHN, GAIDRY and WELCH, JJ.
PER CURIAM.

FACTUAL HISTORY AND PROCEDURAL BACKGROUND
This is another writ application filed by plaintiffs, the parents of an eighth grade student at Doyle High School in Livingston Parish. On November 11, 2005, the school expelled the eighth grader for twelve months for "any other serious offense." See La. R.S. 17:416(A)(3)(a)(xvii). She admitted to leaving a school function, smoking marijuana with other students and returning to the school function under the influence. Although the child was allowed to enroll as a repeating eighth grade student in August of 2006, her parents seek to have her promoted to ninth grade as soon as possible because she was home-schooled in 2006 and passed the LEAP test; her parents also claim that she has continued to be home schooled in ninth grade subjects even while currently attending the eighth grade.
The plaintiffs have been through protracted litigation in this matter. In June 2006, the child's parents filed a petition seeking injunctive relief against the Livingston Parish School Board, Randy Pope, Superintendent of Livingston Parish School Board, Cecil Picard, and Louisiana Department of Education State Board of Elementary and Secondary Education. They sought to require defendants to administer the LEAP test to their child and to show by what authority they failed to provide her with alternative education during Spring 2006. The parties stipulated that one of the defendants would administer the LEAP test to the child on June 30, 2006. The case was set for trial on the remaining issues on August 21, 2006. The LEAP test was given and the child passed.
On July 31, 2006, plaintiffs filed a motion for an emergency hearing and/or for an entry of a restraining order, alleging that on that date, the School Board informed plaintiffs that if the child wanted to be admitted for the 2006/07 school year, plaintiffs would have to enter into an undisclosed contract with the school, the child would enter eighth grade and the school would not evaluate her for entry into the ninth grade or consider her home schooling for purposes of grade placement. Plaintiffs sought injunctive relief mandating that the defendants evaluate the child for placement in the ninth grade and consider her home schooling, relying on La. R.S. 17:236.2. Plaintiffs further sought alternative education beginning August 8, 2006, and that defendants be restrained from taking any action interfering with the child's obtaining an education in Livingston Parish. The minute entry of July 31, 2006, shows that the trial court ruled on the pleadings that the twelve month expulsion of the child would stand unless the child decided to return to the eighth grade at the beginning of the 2006 school year and that, due to the fact the child would not complete her expulsion until November 2006, the motion was premature.
The parents sought writs. In August 2006, this Court granted the writ and ordered that: 1) the School Board or BESE complete all evaluations of the child within ten days from the date of the order and that the School Board provide alternative schooling or allow the child to enroll in the eighth grade in August, 2006, without waiving her right to be promoted to the ninth grade if she qualified based on the same, or alternatively, 2) BESE and the School Board assist the child in obtaining an approved home schooling plan for the 2006-07 school year appropriate to her grade level performance. 2006CW1518. The trial court was ordered to determine, among other things, the child's appropriate grade level if the home schooling complied with an approved program. The Board *999 sought expedited review of this Court's ruling with the Supreme Court. On August 16, 2006, the Louisiana Supreme Court granted the Board's writ and remanded to the trial court for an expedited hearing with the trial court being directed "to receive appropriate evidence from the parties and render a judgment addressing all relevant issues, including, but not limited to, whether the Board has an obligation to provide alternative education to . . . [the child] pursuant to LSA-R.S. 17:416." 2006-CC-1981.
On August 21, 2006, the trial court addressed the State's exception of no cause of action, dilatory exceptions of mootness, prematurity and unauthorized use of summary proceedings, and the School Board's exception of prematurity and exceptions of no cause of action and res judicata before holding the evidentiary hearing as directed by the Supreme Court. The trial court granted all the exceptions. From these rulings, plaintiffs sought writs.
On October 18, 2006, in 2006CW1684, this Court issued the following action:
WRIT GRANTED IN PART WITH ORDER, DENIED IN PART. The amended pleading filed on July 31, 2006, states a cause of action for a mandatory injunction in regard to alternative schooling and evaluation of the student's home schooling undertaken to date in order to determine placement. Therefore, we hereby deny the exceptions of no cause of action and improper use of summary proceedings. To the extent that the passage of time has mooted the request for mandatory injunction in regard to alternative schooling, we remand the matter to the trial court and we hereby order that the relators be allowed time to amend their petition to state a cause of action, if they can, in regard to alternative schooling issues . . . We hereby deny the exceptions of prematurity in regard to issues about the placement of the child based on home schooling; the trial court erred to the extent the court determined that LSA-R.S. 17:416A(3)(e) should be interpreted as denying credit for home schooling in regard to suspended or expelled students . . . [T]here is no prohibition . . . that prevents home schooling from being used to avoid a child's loss of a full grade level if the child and parents fully comply with the state approved home schooling plan and the placement evaluation requirements. Time is of the essence in determining the child's placement prior to the end of the period of expulsion and such a determination cannot be considered premature at this point. Therefore, a cause of action having been stated in regard to a mandatory injunction, the matter is remanded to the trial court and the court is hereby ordered to hold a full evidentiary hearing and to determine whether or not the mandatory injunction requested by relators in regard to the home schooling issues should be granted, and if so, against which defendant(s), on or before October 30, 2006.
A hearing was held on October 25, and the trial court ordered the School Board to evaluate the child's home schooling and to return the evaluation the next day. The Board returned its evaluation on October 26, finding that the child failed the eighth grade, and the trial court then found that the evidentiary hearing ordered by this Court was moot. Plaintiffs proffered testimony and evidence.
Plaintiffs again sought writs before this Court, requesting this Court to issue a writ of mandamus to the district court ordering an emergency evidentiary hearing, such that the evidence on the proffered records could be produced in open court to allow plaintiffs to show that the Board evaluation of the child's home *1000 schooling was based on false facts, that the home schooling complied with the law, and that the child should be placed in the ninth Grade on November 1, 2006. 2006CW2163.[1] In the alternative, plaintiffs requested that the matter be heard based on the evidence proffered on October 26.
Meanwhile, plaintiffs filed a motion for an emergency hearing and they also filed an appeal of the School Board's evaluation. The School Board responded with exceptions raising the objections of lack of subject matter jurisdiction, lis pendens/motion to stay, improper cumulation of actions, unauthorized use of summary proceedings, and no cause of action. Following a November 28, 2006 hearing, the trial court ruled that it had no subject matter jurisdiction and maintained that exception and dismissed the motion in a judgment. From this ruling, plaintiffs filed 2006CW2469.
On January 17, 2007, this Court granted writs in 2006CW2177 and ordered the trial court to hold a full evidentiary hearing to determine whether the mandatory injunction requested by the parents in regard to the home schooling issues should be granted. This Court ordered the School Board on or before January 24, 2007, to allow the parents to explain the deficiencies and to reconsider its evaluation of the child's home schooling and her placement. The School Board took writs to the Supreme Court, which were denied on January 24, 2007. 2007-CC-0121.[2]
Plaintiffs filed the present writ alleging that the School Board did not comply with this Court's order in 2006CW2177 because the School Board wanted the parents to submit written material to it rather than to meet with the parents in person. This Court issued an interim order ordering the trial court to hold a hearing with all parties present on or before February 9, 2007, wherein it would consider plaintiffs' proffered testimony and evidence introduced at the previous hearing addressing the deficiencies the School Board found in the home schooling program and any additional evidence or testimony which the parents might introduce on this issue. Then, the School Board on or before February 13, 2007, was to reconsider its evaluation of the child's home schooling and her placement in light of the testimony and evidence introduced at the hearing. The School Board was then to submit the reevaluation to the trial court on or before February 14, 2007, and the trial court was to review the School Board's action and to rule on or before February 15, 2007 upon whether the mandatory injunction requested by the plaintiffs should be granted. The trial court was then to provide this Court with documentation of its ruling. The School Board again took writs to the Supreme Court, which denied them on February 7, 2007. 2007-CC-0234.
*1001 The trial court held a hearing on February 9, 2007, and, after reviewing the School Board's action, issued written reasons for judgment, wherein the trial court stated that the School Board had reconsidered its evaluation of the Swindle home schooling and the child's placement in light of the testimony and evidence introduced. The court then found that a thorough evaluation was performed by the School Board and that it determined that grade placement should be for the eighth grade as the student did not receive adequate instruction and work for the eighth grade. Therefore, the trial court denied the mandatory injunction request.
Plaintiffs filed another motion for contempt with this Court in 2007CW0137, complaining that the School Board was not present at the hearing and that the Board had failed to return materials plaintiffs had previously provided to the Board.

ANALYSIS
We very reluctantly deny writs in this matter. The trial court has finally complied with this Court's interim order to review the School Board's actions in evaluating this child for placement in the ninth grade considering her home schooling. While the School Board as an entity was not present in court at the most recent hearing, its counsel was and its representatives suggested that they finally re-evaluated the child considering all the evidence and testimony from the parents addressing the deficiencies the School Board's committee found in the home schooling.
We note this matter first came before this Court on August 1, 2006. At that time, the child's parents sought injunctive relief to have the School Board evaluate the child for ninth grade placement, following their petition for an injunction to have the School Board administer the LEAP test to their child, as is required by law. The trial court and School Board did not properly evaluate the child for placement until February 2007, after this Court issued several orders and the Supreme Court issued an order for them to do so. While we do not in any way condone or excuse the offense for which this child was suspended, the institutional delays in the judicial system and in the School Board's actions fighting every attempt by the parents to have their child maintain her education have cost this child one year of her academic life. Time was of the essence in this matter and nothing the trial court or School Board did indicated that they understood such.
As to the merits of the evaluation itself, this Court unfortunately has no jurisdiction to review the evaluation. See Johnson v. Southern University, 2000-2615 (La.App. 1 Cir. 12/28/01), 803 So.2d 1140; Jones v. Southern University, 96-1430 (La.App. 1 Cir. 5/9/97), 693 So.2d 1265; Estay v. Lafourche Parish School Board, 230 So.2d 443 (La.App. 1 Cir.1969). We note that the United States Supreme Court in Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), stated, "It is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or compassion."
That being said, we note that the child passed the LEAP test with a Mastery Achievement Level in English Language Arts and a Basic Achievement Level in Mathematics. The Pupil Progression Plan states that LEAP passage is the principal criterion for promotion in eighth grade. The deficiencies the School Building Level Committee found with the child's home schooling when considered with the fact that the child passed the LEAP test and was home schooled for the remainder of her eighth grade year should not have been given substantial weight. We believe that the School Board found more merit in *1002 enforcing rules of procedure than in considering whether this child was ready to perform ninth grade work. We note that the child who provided the marijuana to the plaintiffs' child, while suspended, was able to receive tutoring at home during her expulsion provided by a teacher from the School Board because she was hearing-impaired and was subsequently enrolled in the ninth grade for the 2006-2007 school year.
Lastly, while this child might have a damages claim as to the School Board's refusal to provide her with an alternative education and other actions it took, the remedy of allowing the child to attend the ninth grade at this late date provides her with no relief as there are less than 65 days left in the school year and the child cannot meet the attendance requirements, much less make up for the lessons taught and assignments given in the time she was not in the ninth grade at school.
The School Board's conclusion that the child should be placed in the eighth grade appears to be arbitrary in light of the fact that the minor passed the LEAP test.

CONCLUSION
For the above and foregoing reasons, we deny the writ.
WRIT DENIED.
WELCH, J., concurs to point out that the punishment far exceeds the offense committed in this case. It is a sad day for education and justice in this state when administrators and the courts so miserably fail to do justice and hurt a child.
NOTES
[1] Plaintiffs filed a fourth writ application, 2006CW2177, resolving the rule violations which resulted in the dismissal of the prior writ. 2006CW2163, decided October 31, 2006.
[2] Meanwhile, plaintiffs filed suit in federal court on October 30, 2006, seeking damages due to the School Board's excessive punishment for a serious offense, its failure to provide the child with an alternative education, its retroactive application for a waiver from providing alternative education to allegedly prevent this child from receiving an education, its refusal to administer the LEAP test, and its refusal to evaluate the child's home schooling to determine her grade placement. Plaintiffs also named BESE as a defendant for its alleged failure to monitor Livingston Parish. They sought 42 USCA section 1983 damages for the violation of the child's right to a public education, for the failure to offer her alternative education, and the refusal to recognize her home schooling.