676 So.2d 105 (1996)
PAROCHIAL EMPLOYEES' RETIREMENT SYSTEM OF LOUISIANA
v.
CADDO PARISH COMMISSION, ETC., et al.
No. 95 CA 0243.
Court of Appeal of Louisiana, First Circuit.
March 15, 1996.
Writ Denied May 31, 1996.
*106 Carole M. Mosely, Baton Rouge, for Appellant, Parochial Employees' Retirement System of Louisiana.
Charles Grubb, Shreveport, for Appellee, Caddo Parish Commission.
Before LOTTINGER, C.J., and GONZALES, WHIPPLE, FITZSIMMONS and KUHN, JJ.
GONZALES, Judge.
This is an appeal by the Parochial Employees' Retirement System of Louisiana (PERS) from a judgment sustaining an exception of prematurity and dismissing PERS' petition for declaratory judgment against the Caddo Parish Commission (Commission).

FACTS AND PROCEDURAL HISTORY
PERS was created by 1952 La.Acts No. 205 (former La.R.S. 33:6101-6271), effective January 1, 1953, to provide retirement benefits for certain employees of the parishes of the State of Louisiana, excepting Orleans Parish and East Baton Rouge Parish.[1] Pursuant to the requirements of Act 205, eligible employees of Caddo Parish were enrolled in PERS.
By 1979 La.Acts No. 765, effective January 1, 1980, the statutes governing PERS were revised, and eligible employees of Caddo Parish were statutorily enrolled in Plan A of PERS.[2] For purposes of membership in PERS, an employee is defined, in part, by La.R.S. 11:1902(12)(a), as:
any person who is employed as a permanent employee of a parish who works at least twenty-eight hours a week and whose compensation is paid wholly or partly by said parish, but excluding all persons employed by a parish or city school board, and all persons eligible for any other public retirement system in this state.
Further, membership for elected officials of a parish or of school boards is optional. La.R.S. 11:1921(A)(3)(a) and (b).
In August of 1993, the Commission adopted Ordinance Number 2981, which authorized "non-classified employees" and "appointed and elected officials" to elect to participate in the Caddo Parish Commission's Deferred Compensation Program (Caddo program) or the Social Security System, in lieu of participation in PERS.
After learning that several Caddo Parish employees had withdrawn their retirement funds from PERS to participate in the Caddo program, PERS advised the Commission by letters dated May 26, 1994, and July 11, 1994, of the mandatory membership provisions applicable to Caddo Parish employees. PERS also advised the Commission that it would file a lawsuit in the 19th Judicial District Court to compel the employees at issue to be enrolled in PERS.
On July 22, 1994, PERS filed a petition for declaratory judgment against the Commission, through John D. Reid, its president, and Judy Durham, parish administrator and chief executive officer (collectively referred to as Caddo), seeking an order directing that the employees of the Caddo Parish Commission be immediately enrolled in PERS, that the required employee and employer contributions be made to the system, and that *107 employee contributions withdrawn from the system be repaid.
In response, Caddo filed the following exceptions: unauthorized use of summary proceedings, lack of personal jurisdiction, prematurity, nonjoinder of indispensable parties, and nonjoinder of necessary parties. After a hearing on these exceptions, the trial court sustained Caddo's exception of prematurity and dismissed PERS' petition with prejudice. In its reasons for judgment, the trial court indicated that PERS was required to hold an adjudicatory hearing under the Louisiana Administrative Procedure Act, La.R.S. 49:950, et seq., to determine the rights of the employees at issue before PERS could file a declaratory action in district court.
PERS appeals from this adverse judgment.

TRIAL COURT DETERMINATION THAT PERS WAS REQUIRED TO HOLD A HEARING PRIOR TO FILING SUIT
It is undisputed that PERS is an agency subject to the provisions of the APA. The issue to be decided is whether the trial court was correct in finding that PERS was required to hold a hearing prior to filing its suit for declaratory judgment.
Caddo asserts that La.R.S. 49:955(A) of the APA requires that a hearing be held in this case. That statute provides:
In an adjudication, all parties who do not waive their rights shall be afforded an opportunity for hearing after reasonable notice.
An "adjudication" is defined in La.R.S. 49:951 which provides, in part:
As used in this Chapter:
(1) "Adjudication" means agency process for the formulation of a decision or order.
A "decision" or "order" is also defined in La.R.S. 49:951 which provides, in part:
(3) "Decision" or "order" means the whole or any part of the final disposition (whether affirmative, negative, injunctive, or declaratory in form) of any agency, in any matter other than rulemaking, required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing....
Thus, the APA provides for a hearing only in an adjudication. An adjudication is a proceeding resulting in a decision or order. A decision or order is, for purposes of the APA, a disposition required by constitution or statute to be made only after notice and a hearing. Therefore, unless there is some provision in the constitution or statutes requiring a hearing, an agency disposition is not a "decision" or "order" as defined for purposes of the APA. And unless a proceeding results in a "decision" or "order," it is not an adjudication as defined by the APA. Delta Bank & Trust Company v. Lassiter, 383 So.2d 330, 333 (La.1980); Boeing Company v. Louisiana Department of Economic Development, 94-0971 (La.App. 1 Cir. 6/23/95), 657 So.2d 652, 656; Matter of Carline Tank Services, Inc., 626 So.2d 358, 362 (La.App. 1 Cir.1993), rehearing denied, 627 So.2d 669.
As further explained by this court on rehearing in Matter of Carline Tank Services, Inc., 627 So.2d at 670:
Thus, under Delta Bank, either of two tests is applied to the facts of a particular case to determine whether an action is a "decision or order" and, therefore, appealable. The first test concerns whether the party aggrieved is claiming a constitutionally protected right, such as a liberty or property right. When governmental action deprives a party of such a right, procedural due process (encompassing the right to a hearing, notice record, and judicial review) applies. If no constitutionally vested right is at issue, one looks to the statutes to determine if the legislature has deemed the governmental action so important as to require a hearing on the record and notice thereof. (footnote omitted)
We note that there is no statutory provision requiring PERS to hold a hearing prior to filing suit for declaratory judgment. Thus, we focus on the first test set forth in Matter of Carline.
It is undisputed that one's right to retirement funds constitutes a property right. Hare v. Hodgins, 586 So.2d 118, 122 (La.1991); Eskine v. Eskine, 518 So.2d 505, 507 (La.1988). However, the fundamental problem in this case is that there has been no *108 governmental action which has deprived any person of such a right. The May 26, 1994, and July 11, 1994, letters in which PERS advised Caddo of the mandatory membership requirements did not constitute governmental action, but merely were statements of PERS' legal position. Further, the suit for declaratory judgment was not an attempt to enforce this legal position; only to have it declared as correct. PERS issued no order which affected the property rights of the employees at issue. On the contrary, the only action taken by PERS was to submit to the judicial system the question of the legality and constitutionality of Caddo Parish Ordinance Number 2981 by means of a petition for declaratory judgment.[3] PERS' decision to file a declaratory judgment suit was a proper means of testing the constitutionality of the ordinance. Vonderhaar v. Parish of St. Tammany, 633 So.2d 217, 225 (La.App. 1st Cir.1993). However, PERS' decision to file suit did not deprive any person of property.
The function of the declaratory judgment is simply to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. Darbonne v. Exxon Corporation, 94-1935 (La.App. 1 Cir. 6/23/95), 657 So.2d 598, 601 n. 6, quoting Gulotta v. Cutshaw, 258 So.2d 555, 558 (La.App. 1 Cir.1972), rev'd. on other grounds, 283 So.2d 482 (La.1973). During the proceedings in the declaratory judgment suit, in which Caddo is a defendant, and in which the employees at issue are free to intervene, due process will be utilized to determine whether the Caddo Parish ordinance is legal and constitutional. If the ordinance is determined to be legal and constitutional, PERS can take no further action designed to have the Caddo employees participate in PERS. If, on the other hand, the ordinance is determined to be illegal and unconstitutional, PERS, armed with such a ruling, will be free to take action intended to require the employees to participate in PERS. At the time this action is taken by PERS, the employees at issue will then be entitled to the hearing that Caddo is now prematurely claiming on their behalf.
The trial court erred in granting the exception of prematurity. This matter will be remanded to the trial court for consideration of the issues raised in the suit for declaratory judgment. In keeping with the nature of declaratory judgments, the trial court must only declare whether or not the Caddo Parish ordinance is legal and constitutional. Questions regarding which individuals or groups of individuals will be required or not required to participate in PERS will presumably be made by PERS after a ruling has been made by the trial court as to the legality and constitutionality of the ordinance.

DECREE
The judgment of the trial court, sustaining the exception of prematurity is REVERSED. This matter is REMANDED to the trial court for further proceedings consistent with this opinion. Costs of this appeal in the amount of $432.96 are assessed to the Caddo Parish Commission.[4]
NOTES
[1] In 1980, Lafourche Parish withdrew from PERS pursuant to former La.R.S. 33:6235 (now La.R.S. 11:2015).
[2] By 1991 La.Acts No. 74, the statutes governing PERS were redesignated into La.R.S. 11:1901-2015.
[3] Louisiana Constitution Article VI, § 5(E) provides that a home rule charter government may not exercise any power denied by general law. It states:

A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
It is not simply because the Caddo Parish ordinance is in conflict with the PERS' statute that undermines its legality; it is the fact that the Louisiana Constitution prohibits Caddo Parish from exercising any law which is prohibited to it or denied by the law of the State of Louisiana. This, therefore, is the constitutional question that the trial court must decide in connection with the ordinance.
[4] The assessment of costs is authorized by La. R.S. 13:5102 and 13:5112.