720 So.2d 53 (1998)
GOVERNMENT COMPUTER SALES, INC.
v.
STATE of Louisiana, Through DIVISION OF ADMINISTRATION, Office of State Purchasing and Mark C. Drennen, Commissioner of Administration.
No. CA 98 0224.
Court of Appeal of Louisiana, First Circuit.
September 25, 1998.
*54 George J. Grazioso, Baton Rouge, for Defendants/Appellants State, et al.
Michelle Finnegan, Baton Rouge, for State, Division of Administrative Law.
Charles L. Patin, Jr., Baton Rouge, for Plaintiff/Appellee Government Computer Sales, Inc.
Nannette V. Jolivette, Lafayette, for Intervenor Logicom Systems, Inc.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, J.
The issue presented in this appeal is whether an unsuccessful bidder on a state contract is entitled to a hearing before the Division of Administrative Law for consideration of its protest of the award of the state contract to the lowest bidder. The trial court held that such a hearing was required by law and ordered the administrative record of the matter before us forwarded to the Division of Administrative Law for a hearing.
*55 For the following reasons, we reverse that portion of the judgment and remand.

FACTS AND PROCEDURAL HISTORY
The Office of State Purchasing issued an invitation for bids for the Gateway Brand Name Microcomputer Contract, Solicitation No. 2049801, Contract No. 403189, to which both Government Computer Sales, Inc. (GCSI) and Logicom Systems, Inc. (Logicom) submitted bids. Logicom submitted the lowest bid, and GCSI submitted the second lowest bid.
The Office of State Purchasing issued a notification of the award of the contract to Logicom. Pursuant to LSA-R.S. 39:1671, GCSI then filed a letter of formal protest to the award of the contract to Logicom, contending that Logicom was not a "responsive and responsible bidder." In its letter of protest, GCSI requested an administrative adjudicatory hearing pursuant to the provisions of the Division of Administrative Law Act, LSA-R.S. 49:991 et seq.
The chief procurement officer of the Office of State Purchasing subsequently informed GCSI it would not be granted a hearing before an administrative law judge. Rather, the protest would be investigated by the chief procurement officer, who would then rule on the merits of the protest.[1] The ruling of the chief procurement officer would then be subject to review by the Commissioner of Administration. After learning of the procedure that the Office of State Purchasing intended to use in ruling on its protest, GCSI filed an "Exception to Procedure," contending that it was entitled to an administrative hearing.
By letter dated October 6, 1997, the chief procurement officer denied the exception, as well as GCSI's protest on the merits. In denying the "Exception to Procedure," the chief procurement officer concluded that the relevant provisions of the Procurement Code do not require notice and a hearing in connection with resolution of a protest to the award of a contract.
GCSI then filed suit in the Nineteenth Judicial District Court, naming as defendants the State of Louisiana, through the Division of Administration, Office of State Purchasing, and Mark C. Drennen, Commissioner of Administration of the State of Louisiana, in his official capacity. In its petition, GCSI sought judicial review, in accordance with the Administrative Procedure Act (APA), of the actions of the Office of State Purchasing in refusing to afford GCSI a hearing; a stay of all administrative proceedings relating to its protest; and a declaratory judgment directing the Office of State Purchasing to assign the matter to the Division of Administrative Law for an administrative adjudicatory hearing.[2] Defendants answered the petition, alleging that because GCSI was not the lowest responsive and responsible bidder, it was not entitled to a hearing.[3]
*56 Trial was held on November 4, 1997. By judgment dated November 18, 1997, the trial court granted the declaratory relief sought by GCSI and ordered defendants to forward the entire administrative record regarding the protest to the Division of Administrative Law for an administrative adjudicatory hearing. In granting GCSI's request for declaratory relief, the trial court reasoned that the review of state agency "adjudications" are to be conducted by the Division of Administrative Law. The trial court further noted that an "adjudication" pursuant to the APA is "an agency process for the formulation of a decision," and the chief procurement officer and Commissioner of Administration were "formulating a decision" regarding the protest made by GCSI. For these reasons, the court referred the matter to the Division of Administrative Law for a hearing and decision by an administrative law judge.
Defendants appeal, assigning as error the trial court's ruling that an agency disposition of a protest to the award of a contract, filed pursuant to LSA-R.S. 39:1671, meets the statutory definition of an "adjudication" so as to require a hearing before the Division of Administrative Law.

ANALYSIS

Administrative Hearings Conducted Pursuant to The Division of Administrative Law Act and the APA
The legislature created the Division of Administrative Law by Acts 1995, No. 739, effective October 1, 1996. LSA-R.S. 49:991 et seq. The Act is applicable to all agencies of the executive branch of state government, with certain listed exceptions, and provides that the Division of Administrative Law shall conduct all adjudications for these agencies in the manner provided by the APA, including the Office of State Purchasing. LSA-R.S. 49:992(A)(2) & (D). The Act applies to the Office of State Purchasing, and it specifically authorizes the Division of Administrative Law to conduct formal administrative hearings on Procurement Code matters fitting the APA definition of "adjudication." LSA-R.S. 49:992(E). Thus, the Act transferred jurisdiction from the Office of State Purchasing to the Division of Administrative Law to conduct hearings in procurement matters where the disposition rendered constitutes an "adjudication" pursuant to the APA.
As defined in the APA, an "adjudication" is a proceeding resulting in the formulation of a decision or order. LSA-R.S. 49:951(1). A "decision" or "order" is further defined as a disposition of any agency, in any matter other than rulemaking, required by constitution or statute to be made only after notice and a hearing. LSA-R.S. 49:951(3). Therefore, unless there is some provision in the constitution or statutes requiring a hearing, an agency disposition is not a "decision" or "order" as defined by the APA. And, unless a proceeding results in a "decision" or "order," it is not an "adjudication" as defined by the APA. Parochial Employees' Retirement System of Louisiana v. Caddo Parish Commission, 95-0243, p. 4 (La.App. 1st Cir. 3/15/96); 676 So.2d 105, 107, writ denied, 96-0955 (La. 5/31/96); 673 So.2d 1031 (citing Delta Bank & Trust Company v. Lassiter, 383 So.2d 330 (La.1980)). Accordingly, if no hearing is required by constitution or statute, there is no adjudication as defined by the APA. Absent an "adjudication," the Division of Administrative Law Act is not applicable to that agency disposition, and a hearing before the Division of Administrative Law is not required. See Delta Bank & Trust Company, 383 So.2d at 333.
In sum, just as the APA does not create an independent right to a hearing before any state agency can take any action, Delta Bank & Trust Company, 383 So.2d at 333, neither does the Division of Administrative Law Act. Rather, these Acts merely set forth the procedures to be followed if a hearing is required by the constitution or statutory authority under which the agency is acting. See Delta Bank & Trust Company, 383 So.2d at 333.
A two-part test is applied to determine if an action is a "decision or order," and thus rendered pursuant to an "adjudication," as defined in the APA. Parochial Employees' Retirement System of Louisiana, 95-0243 at p. 4; 676 So.2d at 107. The first *57 question is whether the party aggrieved is claiming a constitutionally protected right, such as a liberty or property right. When governmental action deprives a party of such a right, procedural due process (encompassing the right to a hearing, notice, record and judicial review) applies. If, however, no constitutionally vested right is at issue, the second prong of the test requires a determination of whether the legislature, through the pertinent statutes, has deemed the governmental action so important as to require a hearing on the record and notice thereof. Parochial Employees' Retirement System of Louisiana, 95-0243 at p. 4; 676 So.2d at 107.
Thus, our analysis of whether GCSI is entitled to a hearing on its protest pursuant to the APA and the Division of Administrative Law Act first depends upon resolution of whether GCSI has a constitutionally protected right at stake. If no constitutionally protected right is at issue, we must then determine whether the relevant provisions of the Procurement Code require a hearing on the record after notice.

Is a Hearing Constitutionally Required?
GCSI asserts that its due process rights entitle it to an administrative hearing. We disagree. We recognize that many administrative determinations do not require a hearing on review, and we conclude that GCSI's protest of the award of the contract to the lowest bidder is one such determination.
Only when a party is deprived of a constitutionally protected right, such as a vested property right, does the constitution's guarantee of procedural due process require a formal hearing. Parochial Employees' Retirement System of Louisiana, 95-0243 at p. 4; 676 So.2d at 107. Under the Procurement Code, a state contract must be awarded to the "lowest responsive and responsible bidder whose bid meets the requirements and criteria set forth in the invitation for bids." LSA-R.S. 39:1594(G). Thus, the lowest responsive and responsible bidder has a protected interest, that of receiving the advertised contract, of which it cannot be deprived without due process of law. Triad Resources and Systems Holdings, Inc. v. Parish of Lafourche, 577 So.2d 86, 89 (La.App. 1st Cir.1990), writ denied, 578 So.2d 914 (La. 1991).
On the other hand, a bidder who does not submit the lowest responsive bid does not have the same protected interest in being awarded the contract that the lowest responsive bidder has. GCSI has not been determined to be the lowest bidder. Thus, in the absence of Logicom's bid being rejected or disqualified, it is Logicom and not GCSI that has the vested property right worthy of procedural due process protection.[4] Only upon rejection or disqualification of Logicom's bid (if that ever were to occur) would GCSI, if it truly were the second lowest responsive and responsible bidder, possess any constitutionally protected right to receive the contract. Such constitutional protection cannot be acquired simply by alleging that the lowest bid should have been rejected or that the lowest bidder should have been disqualified.
We, therefore, conclude that GCSI does not have a constitutionally protected right at stake which would require a hearing after notice. Thus, our analysis of whether GCSI is entitled to a hearing regarding its protest of the contract award must now focus on whether the relevant provisions of the Procurement Code require such a hearing.

Is a Hearing Required by the Procurement Code?
The Procurement Code provides a procedure whereby a person aggrieved in connection with the award of a contract may protest to the chief procurement officer of the Office of State Purchasing. LSA-R.S. 39:1671(A). As previously noted, the chief procurement officer is empowered to settle or resolve a protest of an aggrieved person concerning the award of a contract in accordance with *58 agency regulations. LSA-R.S. 39:1671(B). The decision of the chief procurement officer may then be appealed to the Commissioner of Administration pursuant to LSA-R.S. 39:1683. An aggrieved party may then seek review of the agency determination in the Nineteenth Judicial District Court. LSA-R.S. 39:1691(A).
As an aggrieved "person" protesting the award of a contract, GCSI's right to protest arises under these provisions of the Procurement Code. However, these statutes do not specifically grant a party protesting a contract award the right to a hearing.
In contrast, both LSA-R.S. 39:1601 and 1672 specifically grant the right to a hearing respectively to bidders disqualified for lack of responsibility and those debarred or suspended from consideration from award of a contract. Through these statutes, the legislature clearly expressed its intent as to those situations it believed required a hearing, and the protest of an award was not included in the statutory framework as such a situation. Thus, GCSI is not entitled to a hearing pursuant to LSA-R.S. 39:1671.
However, in support of the judgment in its favor, GCSI avers that it is nonetheless entitled to a hearing pursuant to LSA-R.S. 39:1601, based upon its "effective disqualification."[5] GCSI claims that because Logicom's bid was not responsive, GCSI, not Logicom, was actually the lowest responsive and responsible bidder. Thus, GCSI asserts that based upon its status as (alleged) lowest bidder, it was "effectively disqualified" from the bidding when it was denied the award. This "effective disqualification," GCSI argues, entitles it to a hearing as a disqualified bidder pursuant to LSA-R.S. 39:1601. We disagree.
Even if Logicom's bid was non-responsive and the contract was incorrectly awarded to Logicom, that situation does not constitute a disqualification of GCSI. Rather, it would simply mean that Logicom had not met the requirements of LSA-R.S. 39:1591(7), thereby entitling GCSI to protest the award in accordance with LSA-R.S. 39:1671, by filing a written protest with the chief procurement officer. If GCSI's bid were truly disqualified, it could not ever be considered for the contract if, for some reason, Logicom were subsequently disqualified or its bid later rejected.
Accordingly, we conclude that the relevant provisions of the Procurement Code do not require that a hearing be conducted with respect to a protest to a contract award filed by an unsuccessful bidder.

Applicability of the Division of Administrative Law Act Herein
As discussed above, because an unsuccessful bidder on a state contract does not have a protected interest in being awarded the contract, procedural due process does not require that the bidder be afforded a hearing on its protest of the contract award. Similarly, the relevant provisions of the Procurement Code do not afford a hearing to an "aggrieved person" protesting the award of a contract. Thus, the disposition of such a protest does not constitute an "adjudication" within the meaning of the APA. LSA-R.S. 49:951(1) & (3).
Because disposition of the protest by the Office of State Purchasing does not constitute an "adjudication" as defined by the APA, the provisions of the Division of Administrative Law Act do not apply, and a hearing before the Division of Administrative Law is not required. LSA-R.S. 49:992(A)(2) & (E). Therefore, the trial court committed legal error in its interpretation of the relevant statutes as requiring a hearing before the Division of Administrative Law for a protest by an unsuccessful bidder.

CONCLUSION
For the above and foregoing reasons, we reverse the portion of the trial court's judgment which granted GCSI's request for declaratory relief and ordered that the administrative record in this matter be forwarded to *59 the Division of Administrative Law for an administrative hearing. In all other respects, the judgment is affirmed. Costs of this appeal are assessed against appellee, Government Computer Sales, Inc.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THE VIEWS EXPRESSED HEREIN.
NOTES
[1] The Procurement Code provides a procedure whereby a person aggrieved in connection with the award of a contract must protest to the chief procurement officer of the Office of State Purchasing. LSA-R.S. 39:1551 et seq. The chief procurement officer is statutorily authorized to settle or resolve a protest of an aggrieved person concerning the award of a contract in accordance with agency regulations. LSA-R.S. 39:1671(B). The decision of the chief procurement officer may then be appealed to the Commissioner of Administration pursuant to LSA-R.S. 39:1683. An aggrieved party may then seek review of the agency determination in the Nineteenth Judicial District Court. LSA-R.S. 39:1691(A).
[2] The court initially granted a stay of the proceedings before the Commissioner of Administration during the pendency of proceedings before the trial court. However, the court subsequently vacated the stay at the request of Logicom, who intervened in the proceedings.
[3] Prior to filing their answer, defendants filed various exceptions, including exceptions of prematurity/failure to exhaust administrative remedies and lis pendens. Through those exceptions, defendants contended that all issues presented to the trial court by GCSI were the subject of another proceeding initiated by GCSI, namely its administrative protest, and that GCSI was required to exhaust its administrative remedies prior to seeking judicial review.

The trial court ultimately granted the exception of prematurity to the extent GCSI sought judicial review of the administrative proceedings. However, regarding GSCI's request for declaratory judgment, the exception was denied. In its reasons for judgment, the court explained that although "the procedure relied upon by the State had not been exhausted, ... it was just that procedure (or alleged lack thereof) about which Plaintiff was complaining and from which Plaintiff was seeking relief by way of declaratory judgment."
[4] If it were determined at the administrative level that GCSI's protest raised valid concerns as to whether Logicom was a responsible bidder, procedural due process would require that Logicom be given an opportunity to disprove the charges of irresponsibility upon which any disqualification would be based. Haughton Elevator Division v. State, Through Division of Administration, 367 So.2d 1161, 1165 (La.1979). However, it does not necessarily follow that an allegation of irresponsibility made by an unsuccessful bidder entitles that bidder to a hearing to attempt to prove that the low bidder was irresponsible.
[5] Pursuant to LSA-C.C.P. art. 2133, although GCSI did not appeal or answer the appeal filed by appellants, GCSI is entitled to raise any argument supported by the record in support of the judgment in its favor, without the necessity of appealing or answering the appeal. Davis v. Borskey, 94-2399, p. 6 n. 6 (La.9/5/95); 660 So.2d 17, 21 n. 6.