HUGHES, J.
1 sThis is an appeal by an unsuccessful respondent from the denial of injunctive relief in a suit contesting an action by the Office of State Purchasing on a “Request for Proposal” (RFP). For the reasons that follow, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
The Louisiana Citizens Property Insurance Corporation (LCPIC) is a nonprofit corporation created by the legislature to operate insurance plans “which shall function exclusively as residual market mechanisms to provide essential property insurance for residential and commercial property, solely for applicants who are in good faith entitled, but are unable, to procure insurance through the voluntary market.” LSA-R.S. 22:1430. LCPIC performs its functions under a plan of operation in accordance with LSA-R.S. 22:1430.2 and LSA-R.S. 22:1430.7, and exercises its powers through a board of directors established under LSA-R.S. 22:1430.3.[1] To accomplish its purpose, LCPIC is authorized to “cause to be issued policies of insurance to eligible applicants,” and may purchase “reinsurance” on risks insured by the corporation. LSA-R.S. 22:1430.6.
On October 25, 2004, the Office of State Purchasing issued an RFP, on behalf of LCPIC “and its programs of the FAIR and Coastal Plans,” to obtain ^competitive proposals by December 1, 2004 for the purpose of prequalifying respondents who were “interested in providing underwriting, policy issuance and administration, and claims processing services for the LCPIC FAIR and Coastal Plans.” The forty-page RFP detailed administrative and general information, the scope of work/services, the evaluation criteria, and performance requirements. The RFP stated that LCPIC “desire[d] to engage a minimum of two and maximum of four service providers to provide complete policy administration services for the approximately 135,000 policies in force in the [LCPIC] FAIR and Coastal Plans for a term beginning April 1, 2005 and ending March 31, 2008.” RFP respondents were to be evaluated based on a possible 100-point maximum score, awarded in the following categories: insurance industry ex *92 perience (maximum of 20 points), operational location (maximum of 20 points), general management experience (maximum of 15 points), technical environment (maximum of 15 points), financial stability (maximum of 15 points), corporate liabilities (maximum of 5 points), residual market management experience (maximum of 5 points), and business continuation plan (maximum of 5 points). A minimum score of 66 points was required for prequalification.
Following evaluation of the proposals submitted in response to the RFP, the Office of State Purchasing selected three insurance companies to prequalify: The MacNeill Group, Inc. (MacNeill), Bankers Insurance Company (Bankers), and First Premium Insurance Group, Inc. (First Premium). These three insurance companies received scores of 85.00, 73.75, and 67.50, respectively, in the evaluation process. Republic Fire and Casualty Insurance Company (Republic) and five other proposing insurance companies were not prequalified. Republic received a score of 61.25, and the other five insurers received scores of 62.50, 61.25, 57.50, 52.50, and 28.75.
|¡¿Thereafter, Republic contested the results of the procurement process by filing a protest with the Chief Procurement Officer, which was denied. Republic then appealed to the Commissioner of Administration, who remanded the matter for res-eoring. Rescoring of the proposals by the Office of State Purchasing produced the same outcome. Republic’s subsequent protest filed with the Chief Procurement Officer and appeal to the Commissioner of Administration were denied.
Republic then filed the instant suit in the Nineteenth Judicial District Court seeking injunctive relief and contending the State’s actions in prequalifying only MacNeill, Bankers, and First Premium, and not Republic, violated Louisiana’s laws governing requests for proposals and the procurement process. MacNeill, Bankers, and First Premium filed interventions in the suit asserting that the State did not err in their prequalification. Following a hearing held July 14, 2005, the district court rejected Republic’s demands and dismissed its suit.
Republic then filed an appeal to this court, asserting the district court erred: in failing to find the State was arbitrary and capricious in the evaluation and scoring of the proposals; in holding that the requirement in the RFP directing proposers not holding a certificate of authority from the Louisiana Department of Insurance to submit audited financial statements with their proposals was not a mandatory provision; in its conclusion that the State was not arbitrary and capricious in accepting and evaluating the proposals submitted on behalf of MacNeill and First Premium without audited financial statements; in its conclusion that the State was not arbitrary and capricious in prequalifying First Premium and MacNeill under the RFP based on submitted proposals that did not include audited financial statements; and in not granting Republic’s request for injunc-tive relief.
Ron appeal, LCPIC, MacNeill, Bankers, and First Premium filed motions to dismiss Republic’s appeal on the basis that this court is without subject matter jurisdiction to consider this appeal.
LAW AND ANALYSIS
Any person who is aggrieved in connection with the solicitation or award of a contract shall protest to the chief procurement officer. LSA-R.S. 39:1671(A). A party dissatisfied with the decision of the chief procurement officer may appeal to the commissioner of administration in accordance with LSA-R.S. 39:1681-1683.
*93 Thereafter a party adversely affected by the decision of the commissioner of administration may appeal to the Nineteenth Judicial District Court in accordance with LSA-R.S. 39:1683(E) and 39:1691(A). Review before the Nineteenth Judicial District Court extends to “all kinds of actions, whether for monetary damages or for declaratory, injunctive, or other equitable relief.” LSA-R.S. 39:1691.
Republic has received the review authorized by LSA-R.S. 39:1671, LSA-R.S. 39:1681-1683, and LSA-R.S. 39:1691. Ap-pellees now contend that Republic is not entitled to further review before this court, citing LSA-R.S. 39:1678.1. The pertinent statutes provide:
§ 1678.1. Damages
A. Damages recoverable by any aggrieved person in any action brought pursuant to the provisions of R.S. 39:1671 or otherwise asserted at law, shall be limited exclusively to reasonable costs incurred in connection with the solicitation including bid preparation costs other than attorney’s fees.
B. Except as provided in Subsection E of this Section and R.S. 39:1678(1), damages recoverable by any contractor under any contract entered into pursuant to the provisions of this Chapter, shall be limited exclusively to the actual expenses reasonably incurred in performance of the contract.
|7C. The provisions of R.S. 49:965[2] shall not apply to actions instituted pursuant to the provisions of this Chapter.
D. Any administrative determination of costs or expenses recoverable by a contractor or aggrieved person under Subsections A and B of this Section shall be subject to the written concurrence of the attorney general.
E. In no event shall damages awarded by the chief procurement officer, his designee, any hearing officer or any court include attorney’s fees or any incidental, indirect, special, or consequential damages, including but not limited to loss of use, revenue or profit whether reasonably certain or not. [Emphasis added.]
§ 1683. Protest of solicitations or awards
A. Scope. This Section applies to an appeal addressed to the commissioner of a decision under R.S. 39:1671(C).
B. Time limitation on filing an appeal. The aggrieved person shall file an appeal within seven days of receipt of a decision under R.S. 39:1671(C).
C. Decision. On any appeal under Subsection A of this Section, the commissioner shall decide within fourteen days whether the solicitation or award was in accordance with the constitution, statutes, regulations, and the terms and conditions of the solicitation. Any prior determinations by the director or his designee shall not be final or conclusive.
D. Notice of decision. A copy of the decision under Subsection C of this Section shall be mailed or otherwise furnished immediately to the protestant or any other party intervening.
E. Finality of decision. A decision under Subsection C of this Section shall be final and conclusive unless:
(1) The decision is fraudulent; or
(2) The person adversely affected by the decision has timely appealed to *94 the court in accordance with R.S. 39:1691 (A). [Emphasis added.]
|s§ 1691. Actions by or against the state in connection with contracts
A. Solicitation and award of contracts. The Nineteenth Judicial District Court shall have exclusive venue over an action between the state and a bidder, offeror, or contractor, prospective or actual, to determine whether a solicitation or award of a contract is in accordance with the constitution, statutes, regulations, and the terms and conditions of the- solicitation. Such actions shall extend to all kinds of actions, whether for monetary damages or for declaratory, injunctive, or other equitable relief.
B. Debarment or suspension. The Nineteenth Judicial District Court shall have exclusive venue over an action between the state and a person who is subject to a suspension or debarment proceeding, to determine whether the debarment or suspension is in accordance with the constitution, statutes, and regulations. Such actions shall extend to actions for declaratory, injunc-tive, or other equitable relief.
C. Actions under contracts or for breach of contract. The Nineteenth Judicial District Court shall have exclusive venue over an action between the state and a contractor who contracts with the state, for any cause of action which arises under or by virtue of the contract, whether the action is on the contract or for a breach of the contract or whether the action is for declaratory, injunctive, or other equitable relief.
D. Limited finality for administrative determinations. In any judicial action under this Section, factual or legal determination by employees, agents, or other persons appointed by the state shall have no finality and shall not be conclusive, notwithstanding any contract provision, regulation, or rule of law to the contrary, except to the extent provided in: R.S. 39:1625, R.S. 39:1671(E), R.S. 39:1672(F), R.S. -39:1673(E), R.S. 39:1683(E), R.S. 39:1684(E), and R.S. 39:1685(E).
These provisions allow review of decisions of the Commissioner of Administration by the district court. No further review is authorized to the courts of appeal. This is in accord with the law relative to appeals in administrative proceedings, and no other provision in the Procurement Code authorizes an additional level of appeal' beyond district court review.
Appellant asserts that the inclusion of the reference to LSA-R.S. 49:965 in LSA-R.S. 39:1678.1(0 was essentially a typographical error, and that the reference should have been to LSA-R.S. 49:965.1 instead. We note that LSA-R.S. |939:1678.1(C) has been amended by 2006 La. Acts, No. 96, effective July 1, 2006, to provide, “The provisions of R.S. 49:965.1 shall not apply to actions instituted pursuant to the provisions of this Chapter.” (LSA-R.S. 49:965.1 allows a “small business” to include a claim for litigation expenses if the court determines that “the agency acted without substantial justification.”) In changing the reference in LSA-R.S. 39:1678.1(0 from LSA-R.S. 49:965 to LSA-R.S. 49:965.1, the Procurement Code is thereby left with only LSA-R.S. 39:1683 and LSA-R.S. 39:1691 to provide authority for judicial review; these statutes provide for review only by the district court.[3]
*95 The Louisiana Administrative Procedure Act (LAPA) applies to all agencies unless excepted by either the LAPA itself or the constitutional provisions and statutes governing each individual agency. The general rule regarding applicability |inof laws is that the more specific governs over the more general. With regard to administrative agencies, the more specific laws are those which govern the agency; these specific laws govern over the more general laws of the LAPA. The provisions of the LAPA were not intended to super-cede specific provisions of other administrative acts, or to supercede the rights and remedies created under those acts. Rather, the LAPA was intended to create pro-eedures in those instances where none exist. Where agency laws are silent, it is the function of the LAPA to fill in the gaps and to provide rules of procedure.[4] When the agency statute upon which a litigant relies establishes a specific procedure for judicial review of the agency’s action, a litigant may invoke the reviewing court’s jurisdiction only by following the statutorily prescribed procedure, unless there can be found within the act a genuine legislative intent to authorize judicial review by other means. Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, 99-0863, pp. 4-5 (LaApp. 1 Cir. 12/20/00), 774 So.2d 1193, 1197-98, affirmed in part, *96 vacated in part on other grounds, 20010185 (La.10/16/01), 797 So.2d 656.
The LAPA provides that judicial review is available in actions by state administrative agencies, boards, and other entities (as defined by LSA-R.S. 49:951(2)) only when there is a “final decision or order in an adjudication proceeding” as set forth in LSA-R.S. 49:964(A)(1). For purposes of the LAPA, “adjudication” means “an agency proceeding that results in a disposition that is required to be made (by constitution or statute) after notice is given and a hearing is held. Unless some statute or the constitution require[s] a hearing and notice, an agency action is not an adjudication for purposes of the act.” Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, 2001-0185, p. 9 n. 7 (La.10/16/01), 797 So.2d 656, 662 n:7.
I^Applying these precepts to the instant procurement action, since there has been no showing that a hearing was required to be held either by constitutional provision or statute, no judicial review by the courts of appeal is authorized under the LAPA. Nevertheless, since the Louisiana Procurement Code is the more specific statutory scheme, the appeal provisions set forth therein apply in the instant case. The Procurement Code grants a right of appeal to the district court to a party aggrieved by an adverse decision of the Commissioner of Administration, but does not authorize another level of review by the courts of appeal. Therefore we must conclude that this court is without jurisdiction to consider Republic’s appeal under the circumstances of this case.
We find no merit in Republic’s argument that this court has entertained appeals of other cases involving the Procurement Code. We have reviewed the cases cited by appellant as well as other cases previously before this court involving the Procurement Code, and find those cases to be distinguishable from the circumstances presented in the instant case. No prior reported case of this court has addressed the effect of LSA-R.S. 39:1678.1(0 on review of procurement disputes by courts of appeal. In most of the published cases, the issue(s) before this court involved matters of procedure. Even in instances where an appellate court is without appellate jurisdiction to review the merits of an administrative proceeding, supervisory jurisdiction may be exercised in cases in which there is a procedural defect in the proceeding. See Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, 2001-0185 at p. 11, 797 So.2d at 663.[5]
Other cases involved administrative proceedings in which a hearing was required to be held by the agency because of statutory or constitutional mandate. hi>We note that the jurisprudence has recognized a constitutionally protected property interest in the lowest or highest, as the case may be, responsible bidder in a procurement proceeding to contest the failure of the agency to award a contract in its favor, but no such interest is vested in an unsuccessful bidder. See Airline Construction Company v. Ascension Parish School Board, 568 So.2d 1029, 1032 (La. *97 1990); Haughton Elevator Division v. State, Through Division of Administration, 367 So.2d 1161, 1165 (La.1979); Government Computer Sales, Inc. v. State, Through Division of Administration, 980224, p. 7 (La.App. 1 Cir. 9/25/98), 720 So.2d 53, 57, citing Triad Resources and Systems Holdings, Inc. v. Parish of Lafourche, 577 So.2d 86, 89 (La.App. 1 Cir.1990), writ denied, 578 So.2d 914 (La.1991). Nor does an allegation of irresponsibility made by an unsuccessful bidder entitle that bidder to a hearing to attempt to prove that the low bidder was irresponsible. Government Computer Sales, Inc. v. State, Through Division of Administration, 98-0224 at p. 8 n. 4, 720 So.2d at 57 n. 4. Thus, in the instant case, since Republic did not qualify as the lowest responsible bidder it has no constitutionally protected property interest warranting a hearing and subsequent review to this court. And while both LSA-R.S. 39:1601 and 1672 specifically grant the right to a hearing respectively to bidders disqualified for lack of responsibility and those debarred or suspended from consideration from award of a contract, the protest of an' award was not included in the statutory framework as a situation warranting a hearing. See Government Computer Sales, Inc. v. State, Through Division of Administration, 980224 at p. 9, 720 So.2d at 58.
As discussed above, because an unsuccessful bidder on a state contract does not have a protected interest in being awarded the contract, procedural due process does not require that the bidder be afforded a hearing on its protest of the contract award, and since the relevant provisions of the Procurement Code do not afford a hearing to an “aggrieved person” protesting the award of a contract, the disposition |1sof such a protest does not constitute an “adjudication” within the meaning of the LAPA. See Government Computer Sales, Inc. v. State, Through Division of Administration, 98-0224 at p. 10, 720 So.2d at 58. We conclude that under the particular facts and circumstances of this case, there is no subject matter jurisdiction in this court to review the merits of the propriety of this procurement action.
Furthermore, we find no merit in Republic’s contention that since an injunction was sought in the district court, the matter was thereby transformed into an ordinary proceeding invoking the district court’s original jurisdiction, and thus review by this court is authorized by LSA-C.C.P. art. 3612. Because injunctive relief is specifically enumerated in LSA-R.S. 39:1691 as being encompassed within the district court review authorized under the Procurement Code, these specific review provisions and the limitations contained therein prevail over the general law set forth in LSA-C.C.P. art. 3612. Republic’s claim for injunctive relief is entirely dependant on its prevailing on the merits of appellate review; consequently, seeking review of the denial of injunctive relief is merely a back-door attempt to gain appellate review of the procurement ruling, to which Republic is not otherwise entitled.
Accordingly, we find merit in the motions to dismiss this appeal.
CONCLUSION
For the reasons assigned, we dismiss this appeal. All costs are to be borne by appellant herein, Republic Fire and Casualty Insurance Company.
APPEAL DISMISSED.

. The board of directors is comprised of: (1) the commissioner of the Department of Insurance or an employee of the Department of Insurance as his designee; (2) the state treasurer or an employee of the Department of the Treasury as his designee; (3) the chairman of the House Committee on Insurance or a member of that committee designated by the chairman; (4) the chairman of the Senate Committee on Insurance or a member of that committee designated by the chairman; (5) five representatives appointed by the governor (one is selected from a list of two nominees from the domestic insurer with the largest direct written premium in the state of the subject lines of business, one is selected from a list of two nominees from an insurer with at least one percent of the aggregate statewide direct written premium of the subject lines of business, and the remaining three representatives are appointed at large); (6) one member appointed by the commissioner from a list of three nominees from the Professional Insurance Agents of Louisiana or its successor; (7) one member appointed by the commissioner from a list of three nominees from the Independent Insurance Agents of Louisiana or its successor; (8) one member appointed by the governor from a list of three nominees from the National Association of Independent Insurers or its successor; (9) one member appointed by the governor from a list of three nominees from the American Insurance Association or its successor; (10) one member appointed by the governor from a list of three nominees from the Alliance of American Insurers or its successor; and (11) one member appointed by the governor from a list of two nominees from the insurer with the largest direct written premium in the state of the subject lines of business. LSA-R.S. 22:1430.3.

. Louisiana Revised Statute 49:965 provides as follows:
An aggrieved party may obtain a review of any final judgment of the district court by
appeal to the appropriate circuit court of appeal. The appeal shall be taken as in other civil cases.

. Although we agree with appellant that the 2006 amendment to LSA-R.S. 39:1678.1 seems to have been for the purpose of correcting a typographical error, we do not believe the amendment, whether retroactive or not, affects the right to appeal in this case. We *95 note that LSA-R.S. 39:1678.1 is entitled "Damages.” Further, the legislative digest for 2006 La. Acts, No. 96 stated:
Present law, relative to damages, provides that R.S. 49:965 shall not apply to actions instituted pursuant to the La. Procurement Code. R.S. 49:965 of the Administrative Procedure Act, relative to judicial review, authorizes any aggrieved party to obtain a review of any final judgment of the district court by appeal to the appropriate circuit court of appeal.
Proposed law changes the reference from R.S. 49:965 to R.S. 49:965.1. R.S. 49:965.1 of the Administrative Procedure Act provides for the right of a small business to recover expenses incurred for administrative hearings when the small business prevails.
The abstract of the digest for Act 96 states, "Changes reference to provisions of the Administrative Procedure Act that shall not apply to actions instituted pursuant to the La. Procurement Code.” Further, original Senate Bill No. 479, which became Act 96, indicated the change of reference in LSA-R.S. 39:1678.1(0 from LSA-R.S. 49:965 to LSA-R.S. 49:965.1 was "to correct a citation error.” While not controlling, the digest and statements of the legislature as to the purpose of an act are instructive. See Louisiana Associated General Contractors, Inc. v. Louisiana Dept, of Agriculture and Forestry, 2005-0131, p. 14 n. 10 (La.2/22/06), 924 So.2d 90, 99 n. 10. Thus we conclude that LSA-R.S.
39:1978.1(C) was not amended to substantively remove a provision precluding application of LSA-R.S. 49:965, but rather to correct an error of citation with respect to expenses recoverable in an administrative proceeding. To conclude that removal, from the Procurement Code, of the prior prohibition against the applicability of LSA-R.S. 49:965 means that review by courts of appeal is thereby authorized would be fallacious. The elimination of an exclusion cannot be considered a positive statement of new substantive law. Moreover, regardless of the applicability of LSA-R.S. 39:1678.1(C), as it currently reads, or as amended by 2006 La. Acts, No. 96, the entitlement to review by courts of appeal must be evaluated and determined by reference to the affirmative appellate provisions of the Procurement Code, and where not addressed therein, by application of the laws and interpreting jurisprudence of the Louisiana Administrative Procedure Act. As stated hereinafter, neither of these sources of law provide for review by courts of appeal under the circumstances presented in this case. Whether applied retroactively or not, the 2006 amendment cannot act to create positive law, providing for a right to appeal, not otherwise stated in the law.

. See also LSA-R.S. 39:1553(A) of the Procurement Code, stating, "To the extent not inconsistent with the particular provisions of this Chapter, the principles of Louisiana law shall supplement its provisions.”

. Although several cases previously decided by this court may have touched on the merits of a procurement matter, the issue of the subject matter jurisdiction of this court to do so does not appear to have been raised in those cases and was not addressed by the court. Nevertheless, we note that it is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. McGehee v. City/Parish of East Baton Rouge, 2000-1058, p. 3 (La.App. 1 Cir. 9/12/01), 809 So.2d 258, 260.