VICTORY, J.
 

 _JjWe granted this writ application to determine whether the First Circuit Court of Appeal has jurisdiction to consider an appeal of a party aggrieved by a judgment of the Nineteenth Judicial District Court in an action brought pursuant to the Louisiana Procurement Code, La. R.S. 39:1551,
 
 et seq.
 
 (the “Procurement Code”). After reviewing the record and the applicable law, we affirm the judgment of the court of appeal and hold that the plaintiff has no right to appeal the decision of the district court under La. R.S. 39:1691(0 to the court of appeal.
 

 FACTS AND PROCEDURAL HISTORY
 

 This action arises from a lease dispute between the State of Louisiana and The Willows, a partnership comprised of four individuals, Robert Burns, Rodney Burns, Paul Davenport and Joseph Waitz. On
 
 *58
 
 April 3,1978, Robert Burns
 
 [1]
 
 and the Louisiana Department of Health and Human Resources (“DHHR”)
 
 [2]
 
 entered into a |2five-year lease contract for an apartment complex, The Willows, in Houma, Louisiana owned by the plaintiff. The lease provided housing for participants of the residency program at the Leonard J. Cha-bert Medical Center. The original five-year lease was renewed in 1983, and then again in 1988 on a month-to-month basis. Throughout the lease period, numerous disputes arose concerning the maintenance of the apartments, and LSU-HSC eventually decided to locate other resident housing. In December of 2004, The Division of Administration, Office of Facility Planning and Control, solicited and received bids to lease other resident housing pursuant to the competitive bid process. The bid received from Burns/Willows was deemed to be non-responsive, and on December 8, 2004, LSU-HSC sent notice of their intent to vacate the premises effective January 31, 2005, and vacated the apartments.
 

 On April 18, 2005, The Willows filed a contract controversy complaint with the Chief Procurement Officer. Before a decision was rendered, The Willows also filed suit in the district court against DHHR on May 26, 2005 for breach of contract.
 
 [3]
 
 On June 15, 2005, The Willows’ contract controversy complaint was denied by the Chief Procurement Officer’s designee, Jerry Jones. The Willows filed an appeal to the Commissioner of Administration, which the Commissioner considered and denied in a written opinion.
 

 The Nineteenth Judicial District Court held a hearing on the merits of The Willows’ administrative appeal of the Commissioner of Administration’s decision on June 18, 2007.
 
 [4]
 
 The district court affirmed the decision of the Commissioner on the |3merits and the judgment was signed on June 28, 2007. On July 30, 2007, The Willows filed a Petition for Devolutive Appeal, appealing the district court’s June 28, 2007, judgment. On August 29, 2007, the Division of Administration filed a Motion to Strike The Willows’ Petition for Devolu-tive Appeal. On October 15, 2007, the district court granted the Division’s motion and that ruling was reduced to judgment on November 9, 2007.
 

 On October 29, 2007, The Willows filed a second Petition for Devolutive Appeal, appealing again that judgment signed on June 28, 2007, and the judgment rendered on October 15, 2007 (but signed on Novem
 
 *59
 
 ber 9, 2007), asserting the right to appeal based on Louisiana Code of Civil Procedure articles 2082 and 2083. On January 2, 2008, the district court granted The Willows a devolutive appeal from the judgment rendered on October 15, 2007.
 

 On March 11, 2008, the First Circuit Court of Appeal, issued a Rule to Show Cause why The Willows’ appeal should not be dismissed. On April 29, 2008, the court of appeal dismissed The Willows’ appeal, finding that it did not have appellate jurisdiction over the district court’s November 9, 2007 judgment because it was an unap-pealable, interlocutory judgment under La. C.C.P. art. 1841. Further, the court found that it did not have appellate jurisdiction over the district court’s June 28, 2007 judgment, citing
 
 Reptiblic Fire and Cas. Ins. Co. v. State of Louisiana, Div. of Admin., Office of State Purchasing,
 
 05-2001 (La.App. 1 Cir. 12/28/06), 952 So.2d 89, for the holding that no appeal lies from a decision of the district court under the Procurement Code.
 
 The Willows v. State of Louisiana, Department of Health and Hospitals,
 
 08-263 (La.App. 1 Cir. 4/29/08). We granted the Willows writ application to consider this issue.
 
 The Willows v. State of Louisiana, Department of Health and Hospitals,
 
 08-2357 (La.11/26/08), 997 So.2d 541.
 

 LDISCUSSION
 

 The Procurement Code, with certain exceptions, governs contracts entered into by the State for the procurement of supplies, services, or major repairs as therein defined. La. R.S. 39:1673 applies to contract conti’oversies, including breach of contract, mistake, misrepresentation, or other cause for contract modification or recision, and gives the chief procurement officer or his designee the authority to resolve any controversy, prior to the commencement of an action in court. As this case involves a lease dispute between a private party and the State, it is governed by the Procurement Code, specifically La. R.S. 39:1673. That statute provides that if the controversy is not resolved by mutual agreement, the chief procurement officer must promptly issue a decision in writing. La. R.S. 39:1673(C). That decision is final and conclusive unless the decision is fraudulent or the contractor has timely appealed administratively to the commissioner of administration in accordance with La. R.S. 39:1685. La. R.S. 39:1673(E).
 

 La. R.S. 39:1685 provides that the contractor must file its appeal with the commissioner within 14 days of the receipt of the decision under La. R.S. 39:1673(C) and that the commissioner must decide the controversy within 14 days. La. R.S. 39:1685(B)(C). This decision shall be final and conclusive unless fraudulent or unless the contractor has timely appealed an adverse decision of the commissioner to the court in accordance with La. R.S. 39:1691(C). At the time this contract was entered into, La. R.S. 39:1691(0 provided:
 

 Actions by or against the state in connection with contracts
 

 C. Actions under contracts or for breach of contract. The Nineteenth Judicial District Court shall have exclusive venue over an action between the state and a contractor who contracts with the state, for any cause of action which arises under or by virtue of the contract, |,whether the action is on the contract or for a breach of the contract or whether the action is for declaratory, injunctive, or other equitable relief.
 

 La. R.S. 39:1691. The discrete issue presented in this case is whether a party aggrieved by a decision rendered by the Nineteenth Judicial District Court under La. R.S. 39:1691(C) has a right of appeal to the First Circuit Court of Appeal.
 

 
 *60
 
 Generally, the concept of allocation of jurisdiction in civil actions is trial in the district court, with the constitutional right to appeal to the court of appeal, La. Const, art. V, § 10,
 
 [5]
 
 and to seek discretionary review by the Supreme Court, La. Const. art. V, § 5.
 
 [6]
 

 Alex v. Rayne Concrete Service,
 
 05-1457 (La.1/26/07), 951 So.2d 138, 144 (citing Frank L. Maraist and Harry T. Lemmon, 1
 
 Louisiana Civil Law Treatise: Civil Procedure
 
 (West 1999)). An appeal “is the exercise of the right of a party to have a judgment of the trial court reversed, modified, set aside or revised by an appellate court.” La. C.C.P. art.2082. A pai'ty may appeal (1) from a final judgment in actions in which appeals are given by law; (2) an interlocutory judgment only when expressly provided by law; and (3) from a judgment reformed in accordance with an additur or remittitur. La. C.C.P. art.2083. A final judgment in a civil case is generally appealable to the intermediate appellate court as a matter of right.
 
 Alex v. Rayne Concrete Service, supra
 
 at 144.
 

 |BLa. Const. art. V, § 16 provides that “[a] district court shall have appellate jurisdiction as provided by law.” This Court has held that judicial review of the decision of an administrative agency is an exercise of a court’s appellate jurisdiction pursuant to La. Const, art. V, § 16(B), rather than a district court’s original jurisdiction under La. Const. art. V, § 16(A).
 
 Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd.,
 
 01-185 (La.10/16/01), 797 So.2d 656, 660;
 
 In re American Waste & Pollution Control,
 
 588 So.2d 367, 371 (La.1991). This Court reasoned that “original jurisdiction refers to judicial adjudications in the first instance and ‘designates the adjudicative tribunal in which the initial adjudication is made;’ it does not refer to judicial review of decisions of administrative agencies.”
 
 Id.
 
 (cites omitted). Further, “for the purpose of judicial review of administrative action, district courts are courts of limited jurisdiction and only have appellate jurisdiction to review administrative decisions as provided by the legislature or constitution.”
 
 Metro Riverboat, supra
 
 (citing
 
 Loop, Inc. v. Collector of Revenue,
 
 523 So.2d 201, 203 (La.1987)). “Additionally, the existence of a specific statutory procedure generally implies a legislative intent that the special statutory procedure be the exclusive means of obtaining judicial review in the situations to which it applies.”
 
 Id.
 

 Thus, it is clear that the district court is exercising its appellate jurisdiction when hearing cases under La. R.S. 39:1691(0 and La. R.S. 39:1691 neither grants nor prohibits an appeal from the district court’s decision. Because of the absence of any language granting or prohibiting an appeal to the First Circuit and because an appeal would ordinarily be allowed under the Code of Civil Procedure from a final judgment of a district court, we do not find this statute to be clear and unambiguous; therefore, we will look to the purpose of the law and the context in which the words of the statute occur, and
 
 *61
 
 also to the legislative history to determine the legislature’s 17intent. La. C.C. arts. 9, 10. The version of La. R.S. 39:1691(0 that applies to this action was enacted by Acts 1979, No. 715, § 1. There is no indication from the legislative history of that Act whether the legislators intended that an appeal be allowed to the First Circuit. However, the history leading up to the 2008 amendment to that statute provides guidance which we can use to interpret the statute.
 

 In 2006, the First Circuit decided
 
 Republic Fire, supra.
 
 In
 
 Republic Fire,
 
 the court held that an appeal of a district court decision under La. R.S. 39:1691(A) was not allowed based on the following: (1) the statute itself did not provide for an appeal and according to
 
 Metro Riverboat,
 
 Ass.,
 
 Inc., supra,
 
 when an administrative agency statute establishes a specific procedure for judicial review of an agency’s action, a litigant can invoke the reviewing court’s jurisdiction only by following the statutorily prescribed procedure, unless there can be found within the act a genuine legislative intent to authorize judicial review by other means; (2) the Louisiana Administrative Procedure Act, which is intended to fill gaps in other laws governing the specific agency, only allows an appeal when there is a “final decision or order in an adjudication proceeding” as set forth in La. R.S. 49:964(A)(1) and there is no adjudication under La. R.S. 39:1691 (A) because hearing and notice are not required under that statute; and (3) the matter before the district court was not transformed into an ordinary proceeding just because an injunction was sought in the district court. 952 So.2d at 95-97.
 

 In response to this opinion, the Division of Administration supported Senate Bill 574 in the 2008 Legislative Session which, by Acts 2008, No. 789, § 1, amended La. R.S. 39:1691 to add Paragraph (E), which now provides as follows:
 

 Writs or appeals; district court decisions. Any party aggrieved by a final judgment or interlocutory order or ruling of the Nineteenth Judicial District Court may appeal or seek review thereof, as the case may be, to | sthe Court of Appeal, First Circuit or the Supreme Court of Louisiana, as otherwise permitted in civil cases by law and the constitution.
 

 Section 2 of Acts 2008, No. 789 added the following: “[tjhis Act shall not apply to any claim or controversy arising out of any contract or agreement executed prior to August 1, 2008.”
 

 When testifying before Senate Committee Judiciary A on April 15, 2008, representatives of the Division of Administration presented Senate Bill 574, which only contained the language in Paragraph (E) of the statute to provide for an appeal (with no effective date). The Division’s representatives testified that prior to
 
 Republic Fire,
 
 appeals had routinely been allowed to the First Circuit and it had always been the Division’s belief that such appeals were allowed. They further testified that appeals to the First Circuit should be allowed because of the need for uniformity in Procurement Code issues, which is lacking when 12 different district court judges are reaching different outcomes. The Senate Bill passed from the committee favorably.
 

 On June 5, 2008, the Division’s representatives testified before the House Committee on Judiciary in support of Senate Bill 574. The Division repeated the reasons for supporting the bill, and, for the first time, supported an amendment which provided that the Act would not apply to claims or controversies arising out of contracts executed before January 1, 2007. When asked why this amendment was nec
 
 *62
 
 essary, the Division’s representatives stated that it was not case specific, but was a recent compromise in order not to effect older cases that were “in the pipeline” and had been litigated and the parties did not want the right to appeal to apply to their cases. The Division’s representatives indicated that prior to this recent compromise, it had envisioned the statute would be retroactive, as it is a procedural statute. After this discussion, Representative Con-nick put forth an amendment, which was adopted |9and which contained the language that eventually appeared in Acts 2008, No. 789, § 2, providing that the “Act would not apply to any claim or controversy arising out of any contract or agreement executed prior to August 1, 2008.”
 

 In light of this discussion which resulted in the addition of language making the statute prospective only, we find that the legislature did not intend that the Procurement Code provide a right of appeal relative to any claims or controversies arising out of any contract executed prior to August 1, 2008, either before the 2008 amendment or afterward. For if the original provisions of La. R.S. 39:1691 provided a right of appeal, it would have been entirely illogical to put in an amendment allowing an appeal but then limiting its effect to cases or controversies arising out of contracts entered into after August 1, 2008. In addition, the language providing prospective application from August 1, 2008 that was added to Acts 2008, No. 789 would be meaningless if the existing statute already allowed an appeal for those claims. While it is unusual to see the legislature make a procedural, and thus retroactive, statute prospective only, it is not forbidden.
 

 Further, although La. R.S. 39:1553 provides that “[t]o the extent not inconsistent with the particular provisions of the Chapter, the principles of Louisiana law shall supplement its provisions,” and an appeal would be allowed under La. C.C.P. arts.2082 and 2083, an appeal to the court of appeal is not allowed in this case. Pursuant to
 
 Metro Riverboat, supra,
 
 “the existence of a specific statutory procedure generally implies a legislative intent that the special statutory procedure be the exclusive means of obtaining judicial review in the situations to which it applies.” 797 So.2d at 660. The exclusive means of obtaining judicial review under La. R.S. 39:1691 is an appeal to the Nineteenth Judicial District Court. Certainly, the First Circuit can grant a writ application in cases decided under La. R.S. 39:1691 | ipprior to its amendment in 2008, and if the Nineteenth Judicial District Court is indeed issuing conflicting decisions, the First Circuit may decide to exercise its supervisory jurisdiction.
 

 In addition, at the district court, the plaintiff argued that, unlike a case decided under La. R.S. 39:1691(A) (the statute involved in
 
 Republic Fire,
 
 supra), a case decided under La. R.S. 39:1691(0 does involve an “adjudication” under the Louisiana Administrative Procedure Act (“LAPA”), and therefore an appeal is permitted. La. R.S. 49:965 provides that under the LAPA, “[a]n aggrieved party may obtain a review of any final judgment of the district court by appeal to the appropriate circuit court of appeal [and that] [t]he appeal shall be taken as in other civil cases.” However, “the LAPA was not intended to supersede the more specific provisions of other administrative acts.”
 
 Metro Riverboat, supra
 
 at 662;
 
 Corbello v. Sutton,
 
 446 So.2d 301, 303 (La.1984). “Rather, it was intended to create procedures were none exist.”
 
 Id.
 
 Under the Procurement Code, a specific hearing and review process is provided for; thus, the review provisions of the LAPA cannot su-percede them.
 

 
 *63
 
 Lastly, plaintiff appears now to argue that its constitutional rights are being denied because it cannot appeal to the First Circuit. “It is well-settled that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the trial court below.”
 
 Vallo v. Gayle Oil Co.,
 
 94-1238, (La.11/30/94), 646 So.2d 859, 864-65.
 
 [7]
 
 Plaintiff had an opportunity to make this assertion when the trial court granted LSU-HSC’s motion to strike plaintiffs de-volutive appeal on November 9, 2007 and did not do so. We note that plaintiff has l^not pointed to any specific constitutional provision that has been violated in this case and we can not discern any constitutional basis for such a challenge.
 

 DECREE
 

 For the reasons stated herein, the judgment of the court of appeal is affirmed. AFFIRMED.
 

 [1]
 

 . Although the lease was entered into between Robert Burns, Jr. and the State of Louisiana, Department of Health and Human Resources, in an "Affidavit Attesting That a Public Lease is Being Contemplated” attached to the lease, the parties to the lease were listed as Robert A. Burns, Jr., Henry T. Burns, and Joe Waitz. The defendants have argued that The Willows is not the proper party to bring this contract dispute claim; however, we did not grant this writ to consider this claim or the merits of the underlying claim.
 

 [2]
 

 . In 1991, the legislature transferred DHHR hospitals to the Louisiana Health Care Authority (LHCA). In 1997, these hospitals were transferred from LHCA to the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU”). The LSU Health Sciences Center-New Orleans ("LSU-HSC”) was made responsible for several hospitals, including the Leonard J. Chabert Medical Center. La. R.S. 17:1519.2.
 

 [3]
 

 . On November 14, 2005, The Willows filed a "First Supplemental and Amended Petition to Add Defendants” in the district court, adding as defendants the Board of Supervisors of LSU, the State of Louisiana, through the Division of Administration; Jerry Jones, and Patrick Gibbs. The individual defendants were later dismissed.
 

 [4]
 

 . On October 16, 2006, the district court rejected The Willows' request for a trial
 
 de novo,
 
 ruling that the matter was before it on judicial review, rather than original hearing.
 

 [5]
 

 . La. Const, art. 5, § 10(A) provides:
 

 (A) Jurisdiction. Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of (1) all civil matters, including direct review of administrative agency determinations in workers’ compensation matters as heretofore or hereafter provided by law, (2) all matters appealed from family and juvenile courts, and (3) all criminal cases triable by a jury, except as provided in Section 5, Paragraph (D)(2) of this Article. It has supervisory jurisdiction over cases which arise within its circuit.
 

 [6]
 

 . La. Const, art. 5, § 5(A) provides in part:
 

 (A) Supervisory Jurisdiction; Rule-Making Power; Assignment of Judges. The supreme court has general supervisory jurisdiction over all other courts....
 

 [7]
 

 . More recently, this Court explained that the constitutional challenge must be specifically pleaded and the grounds of the claim particularized.
 
 Taylor v. Clement,
 
 06-2518 (La.2/2/07) 947 So.2d 721;
 
 see generally
 
 Frank L. Maraist, 1
 
 Louisiana Civil Law Treatise: Civil Procedure,
 
 § 14.5, pp. 523-525 (2nd ed.2008).